IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTINA ARCHER** <br> 181 Killingsworth Road <br> Jesup, Georgia 31545 <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES OF AMERICA** <br>   **SERVE: Robert K. Hur** <br>   **U.S. Attorney for the District of Maryland** <br>   36 South Charles Street, 4th Floor <br>   Baltimore, Maryland 21201 <br><br> and <br><br>   **SERVE: William Barr** <br>   **Attorney General of the United States** <br>   950 Pennsylvania Avenue, NW <br>   Washington, D.C. 20530-0001 <br><br> **Defendants.** | * <br> * <br> * <br> * <br> * <br> * <br> * CASE NO.: _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

********************************************************************************

## COMPLAINT

COMES NOW, Plaintiff, Christina Archer (hereinafter "Plaintiff"), by and through counsel, John P. Valente, III, and The Valente Law Group, who files this Complaint against the United States of America (hereinafter "Defendant"), and sets forth the following:

1.     That at all times relevant herein, Plaintiff, Christina Archer, was domiciled in Wayne County, Georgia.

2.     That at all times relevant herein, Michael A. Solomon, M.D. (hereinafter "Solomon") was a licensed physician and/or held himself out as a licensed physician to the public, and further held himself out to Plaintiff as a competent healthcare provider capable of providing appropriate and reasonable medical care and treatment within the applicable standards of care.

3.     That at all times relevant herein, Naris Nilubol, M.D. (hereinafter "Nilubol") was a licensed physician and/or held himself out as a licensed physician to the public, and further held himself out to Plaintiff as a competent healthcare provider capable of providing appropriate and reasonable medical care and treatment within the applicable standards of care.

4. That at all times relevant herein, Kaitlin C. McLoughlin, M.D. (hereinafter "McLoughlin") was a licensed physician and/or held herself out as a licensed physician to the public, and further held herself out to Plaintiff as a competent healthcare provider capable of providing appropriate and reasonable medical care and treatment within the applicable standards of care.

5. That at all times relevant herein, Stacian Davis, CRNP (hereinafter "Davis") was a certified registered nurse practitioner and/or held herself out as a certified registered nurse practitioner to the public, and further held herself out to Plaintiff as a competent healthcare provider capable of providing appropriate and reasonable medical care and treatment within the applicable standards of care.

6. That at all times relevant herein, Elias Warah, R.N. (hereinafter "Warah") was a registered nurse and/or held himself out as a registered nurse to the public, and further held himself out to Plaintiff as a competent healthcare provider capable of providing appropriate and reasonable medical care and treatment within the applicable standards of care.

7. That at all times relevant herein, Michelle Rowan, R.N. (hereinafter "Rowan") was a registered nurse and/or held herself out as a registered nurse to the public, and further held herself out to Plaintiff as a competent healthcare provider capable of providing appropriate and reasonable medical care and treatment within the applicable standards of care.

8. That at all times relevant herein, the National Institutes of Health (hereinafter "NIH"), an agency of the United States Department of Health and Human Services within the government of Defendant, United States of America, is a federal governmental entity duly authorized to do business and was doing business in Montgomery County, Maryland, at all relevant times herein.

9. That Plaintiff has sued Defendant, United States of America, pursuant to 28 U.S.C.S. § 2679, which provides that where an "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto . . . ."

10. That at all times relevant herein, Solomon, Nilubol, McLoughlin, Davis, Warah, and Rowan were acting within the scope of their employment with Defendant at the time of the incident out of which this claim arises, and, therefore, Defendant, United States of America is the proper defendant.

11. That Plaintiff was a patient of Defendant, by and though its agents, servants, and/or employees, including, but not limited to, Solomon, Nilubol, McLoughlin, Davis, Warah, and Rowan, for the purpose of receiving medical care and treatment.

12. That at all times relevant herein, Plaintiff was provided medical care and treatment by Defendant, by and through its agents, servants and/or employees at NIH, in Montgomery County, Maryland.

13. That Plaintiff filed her Standard Form 95 on or about January 21, 2019.

14. That the United States Department of Health and Human Services subsequently denied the claim on or about November 25, 2019.

15. That Plaintiff has satisfied all conditions precedent to the filing of this Complaint. These should be understood to include, but are not limited to, notice under any state and/or federal statute, exhaustion of administrative processes and satisfaction of any requirement of any type prior to the filing of this Complaint.

## JURISDICTION AND VENUE

16. That this Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the State of Maryland.

17. That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) in that a substantial part of this claim arose within the State of Maryland.

18. That venue is also proper in this jurisdiction, pursuant to 28 U.S.C.S. § 1346(b)(1), as this is a civil action against the United States, for money damages for personal injury caused by the negligent or wrongful act or omission of employees of the Government while acting within the scope of their employment, and these are circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the law of the State of Maryland.

## STATEMENT OF FACTS

19. That on or about February 1, 2017, Plaintiff underwent, among other things, a pancreatectomy and splenectomy at NIH to address a tumor located at the tail of the pancreas.

20. That a PCA pump was used to deliver Hydromorphone (Dilaudid) to Plaintiff as part of her post-operative care in order to control her pain. However, Defendant, by and through its agents, servants, and/or employees, significantly overdosed Plaintiff on Dilaudid by administering significantly more Dilaudid than was prescribed and appropriate within the standard of care. Consequently, Plaintiff suffered an ischemic event which resulted in, among other things, permanent neurocognitive deficits.

## COUNT I
### (Medical Negligence)

21. That all the allegations contained in Paragraphs one (1) through twenty (20) of this Complaint are incorporated herein by reference and are said to be read as though repeated in full.

22. That at all times relevant herein, Defendant, by and through its agents, servants and/or employees, undertook to provide medical care and treatment to Plaintiff within the applicable standards of care.

23. That at all times relevant herein, Defendant, by and through its agents, servants and/or employees, owed a duty to Plaintiff to provide medical care and treatment to Plaintiff consistent with all applicable standards of care.

24. That notwithstanding the aforementioned duties, Defendant, by and through its agents, servants and/or employees, was negligent, careless, reckless and deviated from the applicable standards of care, and generally breached its duties owed to Plaintiff by, among other things:
   a. Providing medical care and/or treatment to Plaintiff in violation of the applicable standards of care;
   b. Negligently overdosing Plaintiff with Dilaudid, by either misprogramming the PCA pump and/or allowing a defective PCA pump to be used during the post-operative care of Plaintiff, despite having previous knowledge of similar PCA pumps at NIH malfunctioning;
   c. Failing to appropriately and timely respond to indications that Plaintiff was being overdosed with Dilaudid;
   d. Failing to provide appropriate and timely medical care and treatment, once it was ultimately discovered that Plaintiff was administered significantly more Dilaudid than was prescribed; and
   e. Otherwise providing medical care and treatment in a negligent manner.

25. That as a direct and proximate result of the negligent acts of Defendant, by and through its agents, servants and/or employees, Plaintiff received severe and permanent injuries, all of which have caused her and will continue to cause her in the future great pain, suffering, mental anguish and other non-economic damages.

26. That as a further direct and proximate result of the negligent acts of Defendant, by and through its agents, servants and/or employees, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money for hospitalizations, surgery, diagnostic studies, doctors, nurses, medical treatment, pain medications for the treatment of the above-stated injuries sustained by Plaintiff.

27. That as a direct and proximate result of the negligent acts of Defendant, by and through its agents, servants and/or employees, Plaintiff was forced to lose time from her employment and suffered a loss of wages.

   WHEREFORE, Plaintiff, Christina Archer, claims damages and costs against Defendant, United States of America in an amount of One Million Dollars ($1,000,000.00), plus interest and cost of this suit.

Respectfully submitted:
THE VALENTE LAW GROUP

_____
John P. Valente, III, # 22233
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
jvalente@jpvlawgroup.com
Counsel for Plaintiff